UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                     **CENTRAL DIVISION at LEXINGTON**

                                    )
                                    )
     DARRELL L. MYERS and            )       Civil Case No.
     LUKE MYERS,                     )       5:16-cv-024-JMH
                                     )
         Plaintiffs,                 )
                                     )
v.                                   )
                                     )
     DOEBLER'S PENNSYLVANIA          )       **MEMORANDUM OPINION AND ORDER**
     HYBRIDS,                        )
                                     )
         Defendant,                  )
                                     )
v.                                   )
                                     )
     LUKE MYERS,                     )
                                     )
         Counterclaim Defendant.     )


                                   ***

    This matter is before the Court on Defendant/Counterclaimant Doebler's Pennsylvania Hybrid's (Defendant's) Motion for Sanctions [DE 33]. Defendant requests the Court dismiss Plaintiff/Counterclaim Defendant Luke Myers and Darrell Myers' (Plaintiffs') claims with prejudice, grant default judgment against Luke Myers on Defendant's counterclaim, and order Plaintiffs and their counsel to pay Defendant the costs it incurred in litigating the Motion for Sanctions. Plaintiffs responded [DE

37], Defendant replied [DE 38], and the matter is now ripe for review. For the reasons stated below, the motion will be granted.

## BACKGROUND

The following series of events highlights the dilatory actions of Plaintiffs throughout this litigation, and provides ample justification for the Court's dismissal of their case. This case arises from a contract for the purchase of seed corn from Defendant. Plaintiffs allege, among other things, that the seed corn was defective. Defendant alleges Plaintiff Luke Myers did not pay for the seed corn as required under the contract at issue. Plaintiffs filed this case on December 23, 2015, in Nicholas Circuit Court, and on January 25, 2016, Defendant removed the case to federal court pursuant to 28 U.S.C. § 1332. On February 5, 2016, Defendant filed its Answer and Counterclaim against Luke Myers [DE 5]. It was at this juncture that Plaintiffs' failures began.

Luke Myers' deadline to Answer or otherwise respond to the Counterclaim was February 29, 2016. Defendant moved for entry of default on the Counterclaim on March 14, 2016 [DE 10]. The Court permitted late filing of Plaintiffs' "responses" to the Counterclaim [DE 17] and denied Defendant's motion for default. Plaintiffs' counsel, however, failed to properly sign the response on three separate occasions [Des 14, 19, and 20]. After two directives from the Court to file a properly signed response to

the Counterclaim [DE 18 and 21], Plaintiffs' counsel finally filed a properly signed response on September 5, 2016, seven months after the Counterclaim was brought against his client.

By mid-September 2016, Defendant had still had not received initial disclosures from Plaintiffs. Plaintiffs' answers to written discovery, due July 5, 2016, were finally served on August 25, 2016. According to Defendant, Plaintiffs' Answers to Interrogatories and Responses to Requests for Production were "extremely and unusually deficient." The Court ordered Plaintiffs to "fully respond" to written discovery by September 15, 2016. Understandably, Defendant requested additional time for fact discovery, as it was nearly impossible for Defendant to depose Plaintiffs by the September 2, 2016, deadline with so little information about Plaintiffs' claims. In an Order dated September 26, 2016, the Magistrate Judge noted a "troubling (and building) pattern of improper case conduct by Plaintiffs and/or Plaintiffs' counsel." [DE 25, p. 1]. The Magistrate Judge granted Defendant's request to extend the discovery deadlines, and ordered that Plaintiffs should be deposed by November 23, 2016, and expert identification and reports from Defendant would be due the same day.

On November 23, 2016, Defendant was forced to file another motion for an extension of its fact and expert discovery deadlines [DE 26] because Plaintiffs still had not provided initial

disclosures or fully responded to written discovery; Plaintiffs did not dispute that they had not provided this information [DE 28]. The Court ordered Plaintiffs to serve their initial disclosures on Defendant by December 12, 2016, and to serve complete discovery responses by December 20, 2016 [DE 29]. The Court noted in that Order that

> Plaintiffs have not cooperated with discovery in this matter and have ignored the Magistrate Judge's orders dated August 25, 2016 [DE 18] and September 26, 2016 [DE 25]. Should Plaintiffs and/or Plaintiffs' counsel continue their pattern of improper case conduct, refusal to obey Court orders and delay, the Court may dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 37(b)(2) or 41(b).

[DE 29 p. 1-2].

Plaintiffs filed (rather than served, see Rule 5(d)) their initial disclosures on December 12, 2016. Defendant filed a status report on January 18, 2017 [DE 31], expressing its frustration in trying to schedule the depositions of Plaintiffs, as well as the continued discovery response deficiencies. Although ordered to do so on December 5, 2016 [DE 29], Plaintiffs failed to file a status report on the progress of discovery, or to join in Defendant's report. Accordingly, the Court considers the information in Defendant's Status Report on Discovery [DE 31] uncontroverted.

By February 2017, Defendant reached the end of its proverbial "rope" and filed the instant Motion for Sanctions [DE 33]. In it,

Defendant alleges Plaintiffs' inaction "amount[s] to failure to prosecute" sufficient to warrant dismissal pursuant to Fed. R. Civ. P. 41(b). Defendant argues Plaintiffs' failure to comply with the Court's Orders and Federal Rules 26, 33, 24, 30, and 37 also warrants dismissal pursuant to Rule 41(b) as well as Rule 37(b)(2)(A)(ii)(v)(which provides for sanctions, including dismissal, for a party not complying a discovery rule). At the time of the Motion for Sanctions, Plaintiffs still had not provided complete, substantive answers to Defendant's written discovery; a fact which Plaintiffs do not dispute [DE 37]. Plaintiffs stated in their Response to the Motion for Sanctions that they have "attempted to submit . . . all potentially relevant items of discovery" but could not do so to Defendant's satisfaction. Importantly, but perhaps unsurprisingly, Plaintiffs had to request an extension of time in which to respond to the Motion for Sanctions [see DE 35]. Plaintiffs claim their "insufficiencies" were due, at least in part, to the poor health of counsel's mother, the health problems of Luke Myers, and, later, the poor health of Darrell Myers.

## ANALYSIS

While the Court is mindful of personal and health-related situations that sometimes temporarily impede the progress of litigation, the fact remains that Plaintiffs instituted this action and it is their responsibility to prosecute their case and

participate in discovery in a meaningful manner. This case has been pending for approximately 20 months with almost no forward momentum because of Plaintiffs' and/or their counsel's failures.

There are four factors to consider in determining whether a party's actions warrant dismissal:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997)(*quoting Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988). The Court agrees with Defendant that all four factors are met in this case.

**(1) Failure to cooperate in discovery due to willfulness, bad faith, or fault.**

Plaintiffs have had an abundance of time to comply with the Federal Rules of Civil Procedure and this Court's Orders. Plaintiffs initiated this case and then claimed to have very little, if any, information that could be made available to Defendant about Plaintiffs' claims, and therefore were unable to properly engage in the discovery process. To the extent Plaintiffs' counsel's inaction due to his mother's illness or other

personal problems caused delay in this litigation, the Court reminds counsel he has a duty "to act with reasonable diligence and promptness." KY Sup.Ct.Rules, Rule 3.130(1.3). Notwithstanding, the Court recognizes the general principal that "dismissal of an action for an attorney's failure to comply is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.'" *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) (quoting *Silas v. Sears, Roebuck & Co., Inc.* 586 F.2d 382, 385 (5th Cir. 1978)). In this case, however, it is clear that the client also bears responsibility in the delays and failures permeating the record.[1]

"For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)(citation and quotation marks omitted). Plaintiffs' and/or their counsel's failures in

---

[1] Plaintiff's [*sic*] Response to Defendant/Counterclaim Plaintiff's Second Motion to Continue Certain Discovery Deadlines, DE 28 at p. 1-2: "because of Plaintiff's lack of record-keeping in business as demonstrated herein, the Responses to Discovery are currently insufficient so as to hinder their participation in this matter . . . As a result, Plaintiffs are in need of further time to straighten out any and all discovery issues facing Plaintiffs in this litigation, including but not limited to confusion as to Plaintiff's identities that the respective counsel are dealing with . . . Plaintiffs are completely remorseful of and accept responsibility for the needed Court intervention herein."

this case have been consistent, extreme, and inexcusable, including failing to answer the Counterclaim timely, repeatedly failing to sign a pleading, failing to comply with the timelines in the Court's Orders of August 25, 2016, September 26, 2016, and December 5, 2016, failing to file a status report when ordered, and even having to request an extension of time to respond to the instant motion for sanctions. Failures this consistent, extreme, and inexcusable are, at a minimum, reckless disregard for the effect of their actions on this proceeding, and appear to the undersigned to be willful noncompliance with the Federal Rules and this Court's orders.

**(2) Prejudice to the adversary caused by failure to cooperate in discovery.**

Defendant has undoubtedly been prejudiced by Plaintiffs' refusal to abide by court orders and the Federal Rules in this matter. Most obviously, Defendant was forced to file this motion. Defendant also filed the following motions due to Plaintiffs' failure to prosecute this case, defend the counterclaim, and meaningfully participate in discovery: (1) Motion for Entry of Default [DE 10]; (2) Motion to Continue [DE 24]; and (3) Motion to Continue [DE 26]. In fact, most of the documents Defendant filed in this case relate to Plaintiffs' inaction and refusal to participate in discovery in a timely and meaningful manner. "[A] defendant is prejudiced by the plaintiff's conduct where the

defendant waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008)(citations and quotation marks omitted). Defendant necessarily incurred legal fees and expended time and resources in an attempt to defend the case brought by Plaintiffs against them, only to have Plaintiffs' delays thwart resolution of the case.

**(3) Warnings provided to the dismissed party.**

The Court previously warned Plaintiffs they could be sanctioned, including dismissal of their case, if they continued on their "troubling (and building) pattern of improper case conduct by Plaintiffs and/or Plaintiffs' counsel." [DE 25, p. 1 and DE 29, p. 1-2].

**(4) Possibility of less drastic sanctions.**

It has become clear that Plaintiffs do not intend to comply with Court orders despite repeated promises they will do so. The Sixth Circuit has held that dismissal with prejudice is warranted as a sanction for "delay . . . accomplished with disregard for [the opposing party's] persistent requests and with contempt for an order of the Court." *Harmon v. CSX Tansp.*, Inc., 110 F.3d 364, 368 (6th Cir. 2013). The Court has considered lesser sanctions, but in light of the consistent non-compliance of Plaintiffs, it appears unlikely lesser sanctions would have any effect on their

conduct in this litigation. Furthermore, sanctions less than dismissal would continue to prejudice Defendant by dragging on a case that Plaintiffs have shown they are disinclined to pursue earnestly.

The same failure to participate in this suit by Plaintiffs that warrants dismissal of their claims also warrants default judgment on Defendant's counterclaim pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi).

Finally, Defendant requests the Court award attorney's fees expended in filing the Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(C). It is obvious that Defendant exhausted all other possible options, short of requesting sanctions, in an effort to resolve the issues with Plaintiffs' delays in the case. The record reflects Defendant's counsel corresponded with Plaintiffs' counsel, imploring him to serve initial disclosures and discovery answers [DE 31, Ex. 1-6], agreed to extend the discovery deadlines [DE. 24 and 26], and participated in a telephonic conference with the Magistrate Judge in which the issues of delay were raised [DE 18]. Because Defendant had exhausted its options and was forced to file the Motion for Sanctions, and because its motion is with merit and well-taken, and pursuant to Rule 37(b)(2)(C), the Court will order Plaintiffs to pay Defendant's attorney's fees incurred in filing the instant motion.

## CONCLUSION

Accordingly, for the reasons stated herein and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant's motion for sanctions is **GRANTED**. A judgment in conformity with this Memorandum Opinion and Order will be filed herewith.

This 20th day of September, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge